IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

D'ANDRA R. MCCALL,                )
AIS # 274648,                     )
                                  )
        Petitioner,               )
                                  )
    v.                            )        CASE NO. 2:25-CV-3-WKW
                                  )              [WO]
                                  )
ROLANDA CALLOWAY,                 )
                                  )
        Respondent.               )

## MEMORANDUM OPINION AND ORDER

## I.  INTRODUCTION

Petitioner D'Andra R. McCall, an inmate incarcerated at Kilby Correctional Facility in Mt. Meigs, Alabama and proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.  (Doc. # 1.)  Petitioner challenges November 2024 disciplinary proceedings and the resulting imposition of sanctions, alleging violations of his Fourteenth Amendment rights to procedural due process.

## II.  PRELIMINARY REVIEW:  SCREENING

The *Rules Governing Section 2254 Cases in the United States District Court* also apply to petitions filed under 28 U.S.C. § 2241.  According to Rule 1(b), these rules extend to habeas corpus petitions beyond those filed under § 2254.  *See* Rule 1(b), *Rules Governing § 2254 Cases*.  Rule 4 requires district courts to dismiss

§ 2241 petitions without ordering a response from the respondent "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4, *Rules Governing § 2254 Cases*. "This preliminary review calls on a district court to perform a screening function, ordering summary dismissal where a petition makes no meritorious claim to relief." *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 653 (11th Cir. 2020). This screening aims to prevent unnecessary burdens on the respondent by avoiding the need for an unwarranted answer. *See id.*

### III.  FACTUAL BACKGROUND

The facts alleged by Petitioner are as follows. On November 19, 2024, Petitioner was charged with three Rule Violations (RVs) under Alabama Department of Corrections (ADOC) Administrative Regulation Number 403 (AR 403), titled "Procedures for Inmate Rule Violations."[1] (Doc. # 1 at 7.) A disciplinary hearing was held on November 25, 2024, and Petitioner was found guilty of all three RVs. (Doc. # 1 at 2.) Thereafter, on November 25 and November 26, 2024, sanctions were imposed for those RVs. These sanctions included loss of canteen, telephone,

---

[1]    AR 403 is available on the ADOC's website: https://doc.alabama.gov/docs/AdminRegs/ar403.pdf. RVs are broken down into four levels: low, medium, high, and severe. Petitioner was charged with two high-level RVs—925 and 902—and one medium-level RV—528. (Doc. # 1 at 7.) A 925 RV is an inmate's failure to obey a direct order of an ADOC employee. A 528 RV is an inmate's unauthorized possession of a phone and/or accessory. And a 902 RV is an inmate's assault on a person associated with the ADOC.

and visitation privileges for 60 days. (Doc. # 1 at 2, 7.) Petitioner challenges "the action and decision finding [him] guilty of all 3 rule violations and all sanctions as punishment." (Doc. # 1 at 2.)

Petitioner further alleges that Respondent violated his due process rights when ten days lapsed before (1) the warden approved the sanctions (Doc. # 1 at 7), and (2) Petitioner was served with a final copy of the approved sanctions (Doc. # 1 at 6). As for relief, Petitioner requests that the court vacate the three disciplinary numbers—LCBF-24-00905-1, LCBF-24-00905-2, and LCBF-24-00905-3—from his institutional record because of "the warden's and hearing officer's willful violation of his substantial right to procedural due process of law under the Fourteenth Amendment to the United States Constitution." (Doc. # 1 at 8.)

## IV. DISCUSSION

### A.    Whether § 2241 is the Proper Avenue for Petitioner's Claims

Section 2241 offers a remedy for state prisoners who are "in custody in violation of the Constitution or laws or treaties of the United States." § 2241(c)(3). "Claims challenging the fact or duration of a sentence fall within the 'core' of habeas corpus, while claims challenging the conditions of confinement fall outside of habeas corpus law." *Vaz v. Skinner*, 634 F. App'x 778, 780 (11th Cir. 2015) (per curiam) (quoting *Nelson v. Campell*, 541 U.S. 637, 643 (2004) ("By contrast, constitutional claims that merely challenge the conditions of a prisoner's

confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that core and may be brought pursuant to [42 U.S.C.] § 1983 in the first instance.")).

Additionally, the remedy sought by Petitioner does not "sound[] in habeas." *See Archilla v. Witte*, 2020 WL 2513648, at *12 (N.D. Ala. May 15, 2020) (identifying the petitioners' claims challenging disease-prevention measures as "classic conditions-of-confinement" claims but noting that "the remedy [the petitioners] seek (release from custody) sounds in habeas."). Release from custody, however, is not the remedy sought by Petitioner in this case. Rather, Petitioner requests that the court compel the removal of the RVs and accompanying disciplinary reports from his institutional record, which is akin to injunctive relief and has nothing to do with the fact or duration of Petitioner's imprisonment. Thus, Petitioner's claims relate to the "conditions" of his confinement and accordingly fall outside the "core" of habeas corpus.

Because Petitioner's claims relate to the conditions of his confinement and he seeks injunctive relief, the appropriate avenue for relief would be a § 1983 action. *See Nelson*, 541 U.S. at 643.

## B.    Procedural Due Process Claim

To survive Rule 4 review, a § 2241 petition must allege facts that, if proven true, would demonstrate a constitutional violation warranting relief for the petitioner. *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 653 (11th Cir. 2020). Even if

the Petitioner's claims were properly brought in a § 2241 petition, the allegations fail to allege an essential element of a procedural due process claim. The elements of a Fourteenth Amendment claim alleging the denial of procedural due process are: (1) a deprivation of a constitutionally protected liberty or property interest; (2) state action; and (3) constitutionally inadequate process. *See Catron v. City of St. Petersburg*, 658 F.3d 1260, 1266 (11th Cir. 2011). The petition does not allege the first element.

Although a prisoner may have due process protections in the context of prison disciplinary proceedings, *see Wolff v. McDonnell,* 418 U.S. 539, 560–65 (1974), a threshold showing is required: The inmate must first establish the deprivation of a protected liberty interest. *See Mathews v. Eldridge*, 424 U.S. 319, 332 (1976); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). The Eleventh Circuit has held that "there are only two instances in which a prisoner is deprived of a due process liberty interest." *Morales v. Chertoff*, 212 F. App'x 888, 890 (11th Cir. 2006) (per curiam).

The first instance, as articulated in *Morales*, is "when a change in the prisoner's conditions of confinement is so severe that it essentially exceeds the sentence imposed by the court." *Id.* at 890 (quoting *Kirby v. Siegelman*, 195 F.3d 1285, 1291 (11th Cir. 1999) (per curiam) (citing *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). The temporary suspension of Petitioner's canteen, telephone, and visitation privileges for 60 days following the November 2024 disciplinary

5

proceeding does not amount to a change in confinement conditions severe enough to exceed the court-imposed sentence.  These sanctions did not lengthen Petitioner's sentence.  *See Fuller v. Gates*, 656 F. App'x 944, 946 (11th Cir. 2016) (per curiam) (concluding that revocation of the inmate's telephone and visitation privileges for 45 days following a disciplinary infraction "did not . . . affect the duration of his sentence" (quoting *Kirby*, 195 F.3d at 1291)).  These measures remain within the ordinary scope of the sentence.  As the Supreme Court has explained, "[d]iscipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." *Sandin*, 515 U.S. at 485.  Therefore, the "deprivations" alleged by Petitioner do not implicate the first *Morales* instance in which a prisoner is deprived of a due process liberty interest.

The second instance articulated in *Morales* is "when the state has consistently bestowed a certain benefit to prisoners, usually through statute or administrative policy, and the deprivation of that benefit imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  212 F. App'x at 890 (quoting *Kirby*, 190 F.3d at 129)  Petitioner offers no facts demonstrating that the challenged disciplinary measures imposed an "atypical and significant hardship" that would implicate a state-created liberty interest.  In *Fuller*, the Eleventh Circuit also held that revocation of the inmate's telephone and visitation privileges for 45 days following a disciplinary infraction "did not impose an 'atypical and significant

6

hardship on' [the inmate]."  656 F. App'x at 946 (quoting *Kirby*, 195 F.3d at 1291);

*see also Ky. Dep't of Corr. v. Thompson*, 490 U.S. 450, 460–61 (1989) (explaining

that an inmate does not have a protected interest in visitation arising from the Due

Process Clause); *Russell v. Blue*, 2023 WL 5967880, at *6 (M.D. Ala. Aug. 14, 2023)

(collecting cases and finding that the inmate had no state-created liberty interest in

canteen, telephone, and visiting privileges), *R. & R. adopted*, 2023 WL 5964791

(M.D. Ala. Sep. 13, 2023); *Dumas v. State*, 675 So. 2d 87, 88–89 (Ala. Crim. App.

1995) (concluding that the state prisoner did not possess a state-created liberty

interest in telephone, canteen, or visitation privileges).

Finally, in *Sandin*, the Supreme Court determined that a prisoner's 30-day

confinement in disciplinary segregation did not constitute an "atypical" or

"significant" deprivation that would create a liberty interest, as the segregation

closely resembled those of administrative segregation and protective custody, with

only minor differences.  515 U.S. at 486.  Disciplinary segregation is arguably

harsher than the sanctions alleged here.  Thus, the "deprivations" alleged by

Petitioner do not implicate the second *Morales* instance in which a prisoner is

deprived of a due process liberty interest.

The petition's allegations do not show the existence of a protected liberty

interest.  Without that predicate, the petition fails to allege a due process claim and

cannot survive Rule 4 review.  Because Petitioner has failed to sufficiently allege

that he was deprived of a protected liberty interest, "it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4, *Rules Governing §* *2254 Cases*. Consequently, the petition must be dismissed.

## C.    <u>Futility of Amendment</u>

Generally, the district court permits a *pro se* prisoner an opportunity to amend a deficient pleading. *See Johnson v. Boyd*, 568 F. App'x 719, 723 (11th Cir. 2014). However, a district court is not required to allow an amendment that would be futile. *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)). An amendment is considered futile if the complaint, as amended, "would still be properly dismissed." *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1133 (11th Cir. 2019) (citing *Cockrell*, 510 F.3d at 1310).

Because Petitioner does not have a protected liberty interest in canteen, telephone, and visitation privileges, his loss of those privileges does not amount to an unconstitutional deprivation of a protected liberty interest, and any amendment to the petition would not cure its defects. Accordingly, leave to amend will not be granted.

## V.  CONCLUSION

Based on the foregoing, it is ORDERED that the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 is DISMISSED without prejudice.

Final Judgment will be entered separately.

DONE this 12th day of November, 2025.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE